UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Mag. No. 08-mj-7208 (ES) |
| v. | : **OPINION** |
| IRIAN ARIAS-RUIZ. | : |

**SALAS, U.S. MAGISTRATE JUDGE**:

## INTRODUCTION

Before the Court is Irian Arias-Ruiz's motion to dismiss the Criminal Complaint pursuant to a Speedy Trial Act violation. The Defendant's motion to dismiss the Criminal Complaint with prejudice is DENIED. However, this Court finds that a dismissal of the Criminal Complaint without prejudice is warranted.

## FACTUAL BACKGROUND

On February 6, 1997, the Defendant failed to appear for her deportation hearing in the Immigration Court located in San Diego, CA. (United States's Brief, Exhibit A at 3 (pg. 8 of 20)).[1] As a result, the Immigration Judge issued an Order of deportation, holding that the respondent—Iriam Arias-Ruiz—abandoned any and all claims for relief from deportation. *Id*. Subsequently, on February 7, 2001, an indictment was issued in the Southern District of California charging the Defendant with five counts of alien smuggling, in violation of 8 U.S.C. §

---

[1]The United States failed to number the pages in its brief; thus, the Court will cite to the actual page number as well as the page number provided by CM/ECF as a result of the electronic filing.

1324 (a)(2)(B)(ii), and 18 U.S.C. § 2. *Id*. at 4-8 (pgs. 9-13 of 20). The Defendant pled guilty to Count Five of the indictment and was sentenced to a term of imprisonment of thirty months. *Id*. at 10, 11 (pgs. 15, 16 of 20). A special condition included in her Judgment of Conviction was that if deported, excluded, or allowed to voluntarily return to Honduras, that she not re-enter the United States illegally. *Id*. at 13 (pg. 18 of 20). Subsequently, on March 4, 2003, a Warrant of Removal/Deportation was signed, which led to the Defendant's deportation. *Id*. at 14 (pg. 19 of 20). However, the Defendant once again found her way to the United States, and once again to its courts of law—bringing us to the current charge.

The record reflects that the Defendant was charged in a Criminal Complaint on November 10, 2008. The United States alleges that on or about August 31, 2008, in the District of New Jersey, and elsewhere, the Defendant knowingly and willfully entered the United States, without the express consent of the Attorney General, in violation of 8 U.S.C. §1326 (a) and (b)(2), specifically. (document no. 1).

The Defendant was arrested, and had her initial appearance on November 10, 2008. (document no. 2). Subsequently, on December 11, 2008, (the thirty-first day following the Defendant's initial appearance) the Defendant filed a motion to dismiss pursuant to The Speedy Trial Act. 18 U.S.C. §3162 (a)(1) (document no. 6). The United States, in turn, opposes the motion. (document no. 7).[2]

---

[2]It should be noted from the outset that the United States only opposes the motion to dismiss with prejudice. It concedes that there was a violation, and as a result, asserts that, if anything, the Criminal Complaint should be dismissed without prejudice because the violation resulted from inadvertence and the Defendant has suffered no prejudice as a result of the delay.

**LEGAL STANDARD**

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial. U.S.C. amend. VI.  The Speedy Trial Act provides substance to this constitutional guarantee by establishing temporal parameters which the government must follow in prosecuting a case.  It requires that any information or indictment charging an individual with the commission of a crime be filed within thirty days from the date the individual was arrested or was served with a summons in connection with such charges. 18 U.S.C. § 3161 (b).

If an indictment or information is not filed within the thirty day time period, the charging document (*i.e.* the criminal complaint) shall be dismissed or otherwise dropped. 18 U.S.C. § 3162 (a)(1).  The question thus becomes one of degree, namely, whether the complaint is to be dismissed with or without prejudice.  In answering this question, courts shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case; and (3) the impact of a re-prosecution on the administration of this chapter and on the administration of justice. *Id.*[3]  Each factor shall be addressed *infra.*

**ANALYSIS**

I. <u>The Seriousness of the Offense</u>:

The allegation of aggravated illegal re-entry into the United States following deportation has been considered a serious offense. *See United States v. Esqueda-Holguin*, No. 08-2120, 2009

---

[3] The presence or absence of prejudice to the defendant is also relevant even though not specifically enumerated within the Speedy Trial Act. *United States v. Martinez*, 75 F. Supp. 2d 360, 365 (D.N.J. 1999). *See also United States v. Taylor*, 487 U.S. 326, 334 (1988).  The Undersigned will address the lack or presence of prejudice to the Defendant within this third prong of the standard.

WL 82836 (10th Cir. 2009); *see also United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003). The fact that the offense does not involve drugs, violence, or the use of a deadly weapon neither diminishes the severity of the offense nor makes the offense one that is not serious. This Court is mindful of the allegations of the Criminal Complaint and agrees with the above cases. Thus, this Court considers the Defendant's aggravated illegal re-entry to be an offense that is serious in nature. The Defendant's conduct is not to be considered a simple case of trespass, and her prior conviction will not fall upon blind eyes. The Defendant was convicted for transporting illegal aliens and aiding and abetting, contrary to the laws of the United States. As a result, she was deported and fully advised that she was not to return to the United States without the permission of the Attorney General.

Concomitantly, Congress and the United States's Sentencing Commission have also voiced its concerns over the severity of deportees illegally re-entering. As a result of the influx of illegal immigration, Congress has attempted to combat this problem by hiring more border agents and United States Attorneys in an effort to secure the nation's borders. Similarly, the United States Sentencing Commission has opined on the offense's severity by imposing a sixteen-level enhancement, which is among the largest in the guidelines. U.S.S.G. 2L1.2(b)(1)(A)(vi). In light of the foregoing, this Court deems the offense to be serious in nature.

    II. <u>The facts and circumstances of the case</u>:

This factor also weighs in favor of dismissing without prejudice. A dismissal with prejudice should be reserved for cases in which there are regular and frequent indications of negligence, or evidence of an intent to delay with the purpose of gaining a strategic or tactical

advantage. *United States v. Mancia-Perez*, 331 F.3d 464, 467 (5th Cir. 2003); *Cf. United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005) (holding that a violation is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations). Moreover, in *Government of the Virgin Islands v. Francis*, 98 F.R.D. 626, 632 (3d Cir. 1983), the court held that the sanction of dismissal without prejudice was appropriate because nothing was presented indicating that the government's failure to timely file the information was a result of anything more than mere negligence. Finally, the court in *United States v. Duranseau*, 26 F.3d 804, 808 (8th Cir. 1994), illustrated the principle that dismissal with prejudice is not favored where there is no showing that the claimed negligence was in reality an attempt to obtain a tactical advantage for the government or that the government frequently failed to meet its time limits.

In this case the Defendant had her initial appearance before this Court on November 10, 2008. The government failed to indict the Defendant within the thirty day period required by the Speedy Trial Act, which led to the Defendant filing its motion to dismiss on the thirty-first day, or better said, one day after the thirty day period expired. To be clear, the Defendant never alleges that the government was reckless, was seeking to gain a tactical advantage, or was acting in bad faith. In fact, the Defendant explains that she is unaware as to why the Government has failed to indict. The Government responds by explaining that the failure to indict was inadvertent and was not done in bad faith. The Government, in advancing its position that the failure was an oversight, explains that it has in good faith turned over early discovery to the Defendant and has communicated with its adversary to facilitate a plea agreement. As such, this

Court does not view the Government's inaction as dilatory delay, and concludes that the facts and circumstances of this case portray inadvertence and mere negligence.

    III. <u>The impact of re-prosecution</u>:

    Finally, dismissal without prejudice is consistent with the administration of justice. While dismissal is required because of the strict nature of the Speedy Trial Act, the delay leading to the pending motion has not lead to the loss of evidence or otherwise impaired the Defendant's ability to lodge a defense to the crime.  Moreover, the length of the delay is not of the magnitude that has dictated a dismissal with prejudice. *See*, *e.g.*, *United States v. Williams*, 314 F.3d 552, 560-61 (11th Cir. 2002) (holding that the sixty-eight day violation was not so substantial *per se* as to require dismissing the charges in the complaint with prejudice); *United States v. Saltzman*, 984 F. 2d. 1087, 1094 (10th Cir. 2002) (the court held that a violation of nearly seven months is not enough, by itself, to compel dismissal with prejudice).  This Court cannot say that the government obtained any type of tactical advantage as a result of the one day delay. Furthermore, re-prosecution would place both sides back on equal footing.

## CONCLUSION

    For all of these reasons, the Criminal Complaint is dismissed without prejudice.  The Government retains the right to re-file the Criminal Complaint.


                                        s/ Esther Salas
                                        UNITED STATES MAGISTRATE JUDGE